IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**ALBERTA ANDERSON**                                                  **PLAINTIFF**

**VERSUS**                                      **CIVIL ACTION NO. 2:04cv407KS-MTP**

**FAMILY DOLLAR STORES, INC.**                            **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Motion for Summary Judgment **[#23]** filed on behalf of the defendant, Family Dollar Stores, Inc. ("Family Dollar"). The court, having reviewed the motion, the response, the pleadings and exhibits on file, the authorities cited, the briefs of counsel and being otherwise fully advised in the premises finds that the motion is well taken and should be granted. The court specifically finds as follows:

## FACTUAL BACKGROUND

This matter arises from an incident which occurred on November 16, 2001 at the Family Dollar Store in Hattiesburg, Mississippi. Ms. Alberta Anderson was an 80 year old invitee who had gone to the store to purchase laundry detergent. Ms. Anderson testified at her deposition that the store lighting was normal but that she was focused on the detergent she intended to purchase and was not looking at the floor as she walked. She slipped in an unknown substance and had no idea where the substance came from, or how long it had been on the floor. When asked the question "Do you think if you would have been looking down, you would have seen the liquid on the floor?" Ms.

Anderson replied "If I had, I would have seen it, and I'd have went around it, I wouldn't have went through it."

Geraldine Moore is a former employee of Family Dollar Store who now works for Dollar General. Ms. Moore was the manager on duty at the time of this incident and testified at her deposition that she was stocking Christmas items at the time this incident occurred. Prior to Ms. Anderson's fall, Ms. Moore had left the Christmas aisle and proceeded to the stock room, passing directly by the area where Ms. Moore later fell. Moore testified that as she passed by the area she saw nothing unusual on the floor. She was in the stock room two to three minutes, and she heard a "thud." When she emerged from the stockroom, she encountered Ms. Anderson on the floor and another customer attempting to help her (Ms. Anderson). Next to Ms. Anderson was a large bottle of Sun liquid detergent on the floor which had been knocked off a display, and some of its contents spilled on the floor. Ms. Moore testified with certainty that the bottle of detergent was not on the floor when she passed the area on her way to the stockroom.

Ms. Moore also testified that she did not knock the bottle from the shelf, nor did any other Family Dollar employees to her knowledge. Ms. Moore stated that the spill covered approximately 1.5 floor tiles, that the bottle was nearly full and that there were no foot prints or other indicia that the spill had been on the floor for any significant length of time. In addition to the fact that Ms. Moore's testified that she passed through this exact area only minutes before the incident, Family Dollar Store practices the "CARE" program, (Control Accidents Reduce Expenses) where the managers walk the floor every two to three hours and make sure the store is clean and free of hazards.

Ms. Moore testified that the last time she had inspected the store under the CARE program was at 3:30 p.m., one hour and ten minutes before Ms. Anderson fell.

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986). The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment. *John v. State of La. (Bd. of T. for State C. & U.)*, 757 F.2d 698, 712 (5th Cir. 1985).

A Judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role. *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 222 (5th Cir. 1986). "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment. The dispute must be genuine, and

the facts must be material." *Id*. "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment." *Phillips Oil Company v. OKC Corporation*, 812 F.2d 265, 272 (5th Cir. 1987). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552." *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992).

In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131.

"Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John*, 757 F.2d at 708. "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment," even in light of a Local Rule of the court mandating

such for failure to respond to an opposed motion.  *Id.* at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence.  *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978).  In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact."  *In Re Municipal Bond Reporting Antitrust Lit.*, 672 F.2d 436, 440 (5th Cir. 1982).  To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda.  The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial.  Rule 56(e), Fed.R.Civ.P.  *See also, Union Planters Nat. Leasing v. Woods*, 687 F.2d at 119.

While generally "'[t]he burden to discover a genuine issue of fact is not on [the] court,' (*Topalian* 954 F.2d at 1137), 'Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention-the court must consider both before granting a summary judgment.'"  *John*, 757 F.2d at 712 (quoting *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980)).

## ANALYSIS

To prevail in the plaintiff's negligence claim, plaintiff must prove by a preponderance of the evidence the following elements:

1. A duty owed by the defendant to the plaintiff;
2. A breach of that duty;

    3.  Damages; and
    4.  A causal connection between the breach and the damages, such that the breach is the proximate cause of the damages.

*Grisham v. John Q. Long V.F.W. Post*, 519 So. 2d 413, 416 (Miss. 1988).

The defendant has admitted that it owed to Ms. Anderson the duty owed to an invitee on its business premises. Its motion has challenged the plaintiff's ability to prove a breach of duty by the defendant. The court notes that in order for the plaintiff to prevail against the defendant's challenge by the defendant's Motion for Summary Judgment, she must make a showing sufficient to establish the existence of the defendant's breach of duty on which she will bear the burden of proof at trial. See *Celotex Corp. v. Catrett*, supra at 322. This she has failed to do.

Under Mississippi law an owner, occupant or person in charge of a premises owes a business invitee the duty to keep the premises in a reasonably safe condition or to warn the invitee of dangerous conditions, not readily apparent, which the owner or occupier knows of or should know of in the exercise of reasonable care. *Waller v. Dixieland Food Stores, Inc.*, 492 So. 2d 283 (Miss. 1986). Further, when a dangerous condition on the business premises is caused by the owner's or occupier's own negligence, no knowledge of its existence need be shown.

However, when a dangerous condition on the business premises is caused by third persons unconnected with the store, the burden is upon the non-moving party to show the owner or occupier had actual or constructive knowledge of the condition. *Jerry Lee's Grocery, Inc. v. Thompson*, 528 So. 2d 293 (Miss. 1988)(*citing Waller*, *supra*). There is no evidence before the court that the defendant had actual knowledge

of any substance on the floor at the place where Ms. Anderson fell or that any of its employees had a hand in placing any substance there.  The plaintiff is thus relying on the constructive knowledge of the defendant that there was a substance on the floor which created a danger to Ms. Anderson about which it failed to warn.

Constructive knowledge is established by the proof that the condition existed for such a length of time that, in the exercise of reasonable care, the owner or occupier should have known of it.  *Douglas v. Great Atlantic and Pacific Tea Company*, 405 So. 2d 107,120 (Miss. 1981); *Mississippi Winn-Dixie Supermarkets, Inc. v. Hughes*, 247 Miss. 575,584, 156 So. 2d 734,736 (1963).

There is absolutely no proof before the court that any substance was on the floor for a sufficient amount of time to put the defendant on constructive notice of its presence.  In fact, Ms. Moore testified that she passed through the area of Ms. Anderson's fall mere minutes before the fall and saw nothing out of place.  She had also inspected the premises one hour and ten minutes before the fall and found nothing on the floor.

Regarding the passage of time and constructive notice, the Mississippi Supreme Court has stated:

> It does not follow that because the store opened at 8:00, that at precisely that time some person threw a dark object on the floor.  It is just as logical to assume that the object was thrown there two or three minutes before she stepped on it, and such presumption is not sufficient to sustain a recovery on the theory that the object had been placed there or remained there for a sufficient length of time so that appellee, by the exercise of reasonable care, should have known of the dangerous commission and removed the object from the floor.

*Aultman v. Delchamps*, 202 So.2d 922, 924 (Miss. 1967); *See also Waller v. Dixieland*

*Food Stores, Inc.*, 492 So.2d at 296. The proof presented is insufficient to prove constructive notice. *See, Mergendahl v. C.J. Gayfer and Company, Inc.*, 659 F.Supp. 351 (S.D. Miss. 1987).

There is no evidence in this record to lead a finder of fact, using reasonable inferences or otherwise, to a conclusion as to the origin of the Sun liquid on the floor or the length of time it had been there prior to the plaintiff's fall. Plaintiff Anderson has offered no proof that defendant or its employees were aware of the liquid on the floor prior to plaintiff's fall and has further failed to present any evidence that the defendant or its employees placed the liquid on the floor or that the defendant had any knowledge, actual or constructive, of the liquid prior to the plaintiff's fall.

IT IS THEREFORE ORDERED AND ADJUDGED that the defendant's Motion for Summary Judgment **[#23]** is Granted and the plaintiff's Complaint is dismissed with prejudice and that any other pending motion are dismissed as moot. A separate judgement shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this the 31st day of July, 2006.


s/ *Keith Starrett*
UNITED STATES DISTRICT JUDGE